And our last case for argument this morning is Franklin v. Stancil. I see both counsel. Can you both hear me? Yes. All right. Mr. Henderson, good morning. You may proceed. Good morning. May it please the court. My name is Peter Henderson. I represent Nino Franklin in this case. Section 2255 is inadequate or ineffective when the structural problems in that statute foreclose even one round of effective collateral review. And that's what happened in this case. Most of this case is resolved by Chazin v. Marski and the more recent case of Gunther v. Marski. Mr. Franklin was foreclosed from using Section 2255 to challenge his determination that he was subject to the penalties in the Armed Career Criminal Act because at the time that contradicted binding appellate precedent as Chazin v. Marski held. If I could get right to my difficulty with the argument, Mr. Henderson, because you've connected in the briefs all the dots on the rapidly evolving case law, but is this really a Chazin case, Chazin-Davenport case, and more recently Gunther, because the whole Davenport line of cases are essentially interpretations of the saving clause in the context of second or successives under 2255H, and the barrier here is not the rule against second or successives, the high bar that's set there, but the time bar in 2255F, since this was your client's first motion, and so it would be your argument represents an extension of the Davenport line of cases. I think that you're correct that the time bar hasn't been addressed in any cases, so there aren't cases on either side of it, and I think the rationale of Davenport actually applies with greater strength to people like Mr. Franklin. So if we consider two hypothetical defendants, well, one is Mr. Franklin and then a hypothetical defendant sentenced at the same time, same convictions in the District of Minnesota. If our hypothetical defendant files a timely Section 2255, it's going to be frivolous. It's foreclosed by binding appellate precedent, so he's filed a frivolous Section 2255. As the Court put it in Davenport, he's clogged the judicial pipes with a frivolous petition. Chasen under all of those cases, then when Mathis comes around, he's entitled to go to proceed under Section 2241. Mr. Franklin, on the other hand, doesn't clog the judicial pipes. He recognizes he's foreclosed by binding appellate precedent, and so he waits, and he's entitled to then file a Section 2255 petition as his first one, but he's out of time, and what this Court has made clear is that if the timeliness is an affirmative defense, so if the government had permitted him to proceed on the merits, we wouldn't have this structural problem. He could have been heard on the merits, but the government did invoke, and this Court has made clear that when the government invokes timeliness and they are correct, the Court has to dismiss the petition as untimely, and so I think a rule that would say this is an extension of Davenport rather than recognizing the rationale of Davenport would reward people who file frivolous First Section 2255 petitions and disadvantage those who wait until the law has changed, and it gets a little bit to the judicial estoppel of concerns that we had because this could have gone forward on a First Section 2255 petition, but for the government's action, and I think it's entirely reasonable for the government to defend the First Section 2255 on the merits and then say, yeah, you had your one shot. You had your reliable judicial determination on the merits, so you cannot now go to 2241, but if the government is going to invoke the procedural, the structural problem in Section 2255, which is in F in this case rather than H, then they should not be allowed to come back to this Court when Mr. Franklin says, you're right, I agree with you, so I'm going to invoke 2241. But to make the argument, the Davenport rule is that there was a gap, or at least an apparent congressional gap in 2255H, the rule about successive, second or successive motions, because of the omission of statutory claims. It allows only new constitutional claims involving a new constitutional rule to move forward as a second or successive, and that that might have been overlooked by Congress in crafting the 2255H rules about second or successive petitions, but it's hard to make that argument about the fixed time bar. There's a clear congressional interest in finality. Yeah, I think the Davenport rationale is based on two things. Certainly the constitutional versus statutory distinction was at play in that case, but the rationale was also what happens when we have intervening authority that overturns previously binding authority. So Davenport was about Bailey basically overturning what we had all thought the law was under Section 924C. And the problem is then, because what Section 2255 is intended to do, as the Court said time and time again, is to permit federal petitioners one opportunity at a reliable judicial determination. I'm sorry. And so that's the rationale as well, is when we have intervening authority that comes from the Supreme Court that overturns what we've previously been looking at, then there needs to be some mechanism to ensure that petitioners get that one chance. And so I think the rationale is both, but you're entirely correct that these cases all arise under Section 2255H because most federal prisoners file their first 2255 even if they're frivolous. And I would suggest that a rule that treats Mr. Franklin in the same position because he didn't file a frivolous Section 2255 is preferable to one that penalizes him for his choice not to pursue that option in the face of binding appellate precedent. But unless the Court has questions, I'll save, I suppose, the remaining minutes for rebuttal. Thank you. That's fine. Mr. Simpson. Good morning, Your Honors. May it please the Court. I'm Scott Simpson on behalf of the United States. The issue here, as Judge Sykes has already alluded to, is basically whether a failure to file a timely 2255 motion allows a petitioner to seek relief in a 2241 petition under the Saving Clause. The answer to that question should be obvious. Failure to file a timely motion under 2255 does not itself make the motion remedy inadequate or ineffective. Nothing prevented Mr. Franklin from making in a timely 2255 motion the same argument based on the Illinois limited authority doctrine that Jeremy Glispie successfully started making in 2019. But the key issue here is the Minnesota convictions. Your brief focus is all on the Illinois convictions, but the key to relief here is the evolving rules and law about the Minnesota burglary scheme, and that's the Mathis argument. And once those convictions are out, then that brings up the Illinois convictions, which are resolved under still more evolving case law, leaving Mr. Franklin with just one qualifying conviction. Your Honor, I'm not sure I see that beginning with the government's response to Franklin's 2255 motion. We have conceded that his Minnesota burglary convictions no longer qualify under the ACCA. So it seems to me that because of that, it's only the Illinois residential burglary convictions that are at issue now, and that's why our brief didn't say anything about the Minnesota convictions. And because of that, if Franklin had filed a timely motion under section 2255, the decision that we now call Glispie on the treatment of Illinois' residential burglary statute might be called Franklin instead. Wouldn't that have been totally futile, though, within the time limit given 8th Circuit and Minnesota law at the time? But, Your Honor, as you look at the MacArthur case, the case, the decision in which the 8th Circuit ultimately decided that Minnesota burglary was not a violent felony under the ACCA, that decision was not based on any, as I understand, the court was just looking at the Minnesota statute. So it seems to me if Mr. Franklin had made that argument in his 2255 motion, he would also presumably have made the argument about the Illinois residential burglary statute. So presumably, if he had made that argument, the MacArthur case would have become the Franklin case instead. In other words, he could have made that argument that ultimately prevailed in MacArthur. That also wasn't proposed to him. If I could march, Your Honor, through those two, through the first two elements of the saving clause, the Davenport test. First, Mr. Franklin's argument that Illinois residential burglary is not a violent felony does not depend on Mathis, contrary to Mr. Franklin's arguments and beliefs. Mathis was not a bolt out of the blue. It was merely a wrinkle on the divisibility analysis long established in the precedent of the Supreme Court in this court. That's the way they wrote it. That's not the way I understood it at the time, but I understand your point of view. Well, and we've said the opposite in Chazen and now Gunther. Your Honors, I think more important is Mathis. Mathis was very important to analyzing certain statutes. It was important to analyzing statutes where elements and means are a significant aspect of the analysis, but the Illinois residential burglary statute is structurally pretty straightforward. Analyzing that statute in Glispie doesn't and didn't require any analysis of elements and means. Right, but this gets back to the issue of the Minnesota convictions, which opened the door to relief here. A challenge to the Minnesota convictions in a first, in a timely first 2255 motion would have been futile under the Eighth Circuit's approach to divisibility analysis, which was clearly contrary to the Mathis clarification of de Camp's. But Your Honor, I'm still not sure I see how that would have been futile for Mr. MacArthur. It was against him conclusively on that point. It was wrong, but it was against him. But again, it wasn't against Mr. MacArthur who ultimately prevailed. After Mathis. Mathis opened the door for MacArthur. It wasn't available to Mr. Franklin in a timely 2255 first. It's only available later, after the time expired. So isn't this within the rationale of Davenport, if not its actual holding? I don't think so, Your Honor. For the reasons we've said, Franklin could have made this argument. He could have, he number one, could have argued that the Eighth Circuit, as Your Honor has said. I think maybe you're missing the the Van Cannon point here about the order of battle in these cases and how we analyze them. All right, if I could go ahead and address Van Cannon. I was looking forward to doing that. The Franklin's reply here rests largely, of course, on Van Cannon. But Van Cannon is not a 2241 case. It was entirely a 2255 case. So the court was not applying the Davenport test at all in Van Cannon. The way convictions are counted isn't any different in those contexts. But again, Your Honor, here we're looking at the saving clause. Van Cannon didn't apply the guide, therefore, the analysis under the saving clause. Because if there's more than three convictions and some of the total amount are no longer qualifying, then whether the remaining convictions qualify becomes important to the analysis of whether the offender qualifies as an armed career criminal. Your Honor, I understand what you're saying. We disagree as to the applicability of the Van Cannon decision for the reasons I said. This is a 2241 case, not a 2255 case. In this case, by contrast, the question isn't whether it's timely, but whether the governing law would have permitted him to make its current argument earlier in a timely motion under 2255. And we submit that he could have. Finally, if I could make just a comment about the effect of the categorical approach here and the length of Mr. Franklin's sentence. As this court and others have said, the categorical approach frequently produces counterintuitive results. Franklin was sentenced based on seven past convictions for violent felonies, two of which were committed on the same occasion. That is three for burglary, two for residential burglary, one for aggravated kidnapping, and one for armed robbery. Those last two were committed on the same occasion. Franklin argues here that he received a greater sentence than Congress intended, but it's hard to see how he has much basis to complain in light of that history. So, Your Honor, we urge the court to affirm the denial of Mr. Franklin's saving cause petition. Thank you. Thank you. Mr. Henderson. Thank you, Your Honor. I hear the government making two arguments, and both don't follow. The first thing the government says is that nothing prevented Mr. Franklin from making these arguments in his first section 2255. The government prevented him from making these arguments. It invokes timeliness. At that point, it's a mandatory claims processing rule. District court has to dismiss an untimely motion. So the government prevented him from making that claim. And the second argument is, well, if he had filed a timely motion, then he could have raised these claims. And we've had some more discussion about that. That's foreclosed by Chazen. Chazen v. Marski holds that, in fact, those claims were not available. And the whole point of Davenport is to encourage litigants not to clog the judicial pipes by raising foreclosed claims. They don't forfeit all future rights by not raising those sorts of frivolous claims. I guess I just want to respond to the last point the government makes, because the government suggests that we have argued that Congress didn't intend this result. We've argued Congress didn't authorize this sentence. We still adhere to principles that undermine, undergird rather, the rule of law, which is we interpret statutes, we interpret them according to the way the Supreme Court tells us to interpret them according to their language. And under the federal statutes, as interpreted by the Supreme Court, Mr. Franklin should not have been subjected to a 200-month sentence. So that's the important principle. And I, again, find it a little disheartening that the government recognizes there has been a miscarriage of justice, that the sentence does exceed the authorized penalty from Congress, but seems rather insouciant about saying, well, it's not a big deal. So we would ask that the court reverse and remand with instructions to order re-sentencing in the District of Minnesota. Thank you. All right. Thank you very much. Thanks to both counsel. The case is taken under advisement. And that concludes today's calendar. The court is in recess.